| | |
|---|---|
| **MARIO HURST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6299** |
| **DR. HEATHER LAVOIE** | **SECTION: "G" (2)** |

## ORDER AND REASONS

Before this Court is Defendant Dr. Heather Lavoie's ("Defendant") "Motion to Dismiss for Prescription, Res Judicata, and Failure to State a Claim Upon Which Relief Can Be Granted."[1] In this litigation, Plaintiff Mario Hurst ("Plaintiff") alleges that Defendant failed to properly diagnose his complaints of chest pain.[2] Defendant filed the instant motion arguing that Plaintiff's claims should be dismissed because they are prescribed under 42 U.S.C. § 1983 and Louisiana law, have already been decided by Louisiana state courts, and Plaintiff fails to state a claim upon which relief can be granted.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

In this litigation, Plaintiff seeks to recover damages incurred because of an alleged denial of due process by Defendant regarding a failure to diagnose and treat chest pain.[4] Plaintiff alleges that on May 21, 2013, he visited Defendant at the Louisiana State University Health Sciences

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1.

[3] Rec. Doc. 11 at 1.

[4] Rec. Doc. 1 at 1.

Center,[5] for treatment related to his chest pain.[6] Plaintiff states that Defendant released him in good standing and indicated that his condition did not require further medical attention.[7] Plaintiff contends that his chest pain worsened subsequent to his visit with Defendant.[8] Plaintiff avers that Defendant's failure to properly diagnose and treat his pain is a violation of his due process rights.[9] Plaintiff asserts that he became aware of this alleged violation when he began to experience severe chest pain on January 1, 2015.[10]

On June 27, 2018, Plaintiff filed a complaint against Defendant alleging violations of the Fourteenth Amendment for "physical injustification and harassment in life and liberty."[11] On August 30, 2018, Defendant filed the instant motion to dismiss.[12] On September 18, 2018, Plaintiff filed an opposition.[13]

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendant urges the Court to dismiss Plaintiff's Fourteenth Amendment claims because the claims: (1) are prescribed under 42 U.S.C. § 1983 ("§ 1983") and

---

[5] *See* Rec. Docs. 11-2 at 1; 11-4 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 11.

[13] Rec. Doc. 15.

Louisiana law, (2) are barred under the doctrine of re judicata, and (3) fail to state a claim for a Fourteenth Amendment due process violation.[14]

First, Defendant avers that Plaintiff's claim is prescribed under § 1983 and Louisiana law.[15] Defendant characterizes Plaintiff's claim as a Fourteenth Amendment Due Process violation brought under § 1983.[16] Defendant asserts that federal courts apply state statutes of limitations to § 1983 actions, and under Louisiana law, there is a one-year prescriptive period for general tort actions.[17] According to Defendant, Plaintiff appeared for his medical visit with Defendant on May 21, 2013, and alleges that "he first had knowledge of th[e] alleged [due process] violation on January 1, 2015."[18] Defendant contends that Plaintiff's claim is prescribed because "it was filed five years after treatment and three and one-half years after he allegedly discovered the violation."[19]

Next, Defendant contends that res judicata prevents Plaintiff from asserting this claim in federal court because state courts have already decided a claim by Plaintiff that involved the same nucleus of operative facts.[20] Defendant states that Plaintiff filed a negligence action against Defendant in the Civil District Court of Orleans Parish on July 13, 2015.[21] Defendant alleges that the Orleans Parish Civil District Court and Louisiana Fourth Circuit Court of Appeal found that

---

[14] Rec. Doc. 11-1.

[15] *Id.* at 1.

[16] *Id.* at 2.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 3.

[20] Rec. Doc. 11-1 at 3–4.

[21] *Id.* at 1.

Plaintiff's negligence claim had prescribed under La. Stat. Ann. § 9:5628 ("§ 9:5628") and that the discovery doctrine did not apply to Plaintiff.[22] Defendants assert that this ruling was affirmed by the Louisiana Fourth Circuit Court of Appeals and the Louisiana Supreme Court.[23]

Defendant avers that the instant case is Plaintiff's attempt to have this Court "review these [state court] rulings and revive his claim under another theory of liability"[24] Defendant contends that "res judicata should be applied when the factual basis of the claims are identical."[25] Defendant cites the Fifth Circuit case *Sider v. Valley Line*,[26] for the proposition that where Louisiana courts have rendered a final judgment on the merits, federal courts will not review for error but only for finality.[27] For these reasons, Defendant argues that "this [C]ourt is precluded from considering this claim under res judicata."[28]

Finally, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because medical malpractice claims do not give rise to a § 1983 action.[29] Defendant also asserts that Plaintiff cannot maintain that § 9:5628 violates his due process rights because the Fifth Circuit has held that § 9:5628 does not violate procedural or substantive due process rights under the Fourteenth Amendment.[30] Accordingly, Defendant avers that the Court should dismiss

---

[22] *Id.* at 3.

[23] *Id.* at 1, 3.

[24] *Id.* at 3.

[25] *Id.*

[26] 857 F.2d 1043, 1046 (5th Cir. 1988).

[27] *Id.*

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.* at 4–5 (citing *Montagino v. Canale*, 792 F.2d 554, 557 (5th Cir. 1986)).

Plaintiff's case because Plaintiff's claim has prescribed, is barred by the doctrine of res judicata, and Plaintiff has failed to state a claim upon which relief can be granted.[31]

## B.    *Plaintiff's Arguments in Opposition to Defendant's Motion to Dismiss*

In opposition, Plaintiff argues that the Louisiana Medical Malpractice Act's prescriptive statute, § 9:5628, allows for a claim to be asserted up to one year after the date of discovery.[32] Plaintiff contends that he visited Defendant on May 21, 2013 for treatment of his chest pain, but at that time, his pain was mild and rare-occurring.[33] Plaintiff insists that he did not discover the severity of his condition and Defendant's negligence until January 1, 2015.[34] In support of this assertion, Plaintiff alleges that the Louisiana Court of Appeals noted that Plaintiff did not discover his condition until January 1, 2015.[35]

Plaintiff contends that § 9:5628 includes a discovery doctrine that allows a person to assert a malpractice claim up to one year after the claimant discovers the alleged violation, as long as the claim is filed no more than three years after the alleged violation occurred.[36] Plaintiff asserts that because he discovered the severity of his pain on January 1, 2015 and filed a claim in state court against Defendant in July 2015, his claim was timely filed.[37] Plaintiff argues that because the

---

[31] *Id.* at 5.

[32] Rec. Doc. 15 at 1.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

discovery doctrine applies to this case, his claim is not prescribed.[38] Therefore, Plaintiff requests that the Court deny Defendant's motion to dismiss.[39]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[40] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[41] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[42] "Factual allegations must be enough to raise a right to relief above the speculative level."[43] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[44]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[45] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[46] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[47]

---

[38] *Id.*

[39] *Id.*

[40] Fed. R. Civ. P. 12(b)(6).

[41] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[43] *Twombly*, 550 U.S. at 556.

[44] *Id.* at 570.

[45] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[46] *Iqbal*, 556 U.S. at 677–78.

[47] *Id.* at 679.

Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[48] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[49] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[50] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[51] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[52]

## IV. Analysis

In the instant motion, Defendant urges the Court to dismiss Plaintiff's claims because (1) the claims are prescribed under § 1983 and Louisiana law, (2) the doctrine of res judicata precludes re-consideration of the issues, and (3) the complaint fails to state a claim upon which relief can be granted.[53] As an initial matter, the Court notes that it interprets pleadings and briefs of *pro se* litigants liberally "to afford all reasonable inferences which can be drawn from them."[54] In the Complaint, Plaintiff asserts that Defendant's actions violated his "due process life and liberty

---

[48] *Id.* at 678.

[49] *Id.*

[50] *Id.*

[51] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[52] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[53] Rec. Doc. 11-1 at 1.

[54] *In re Tex. Pig Stands, Inc.,* 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[under] the 14th Amendment by physical injustification and harassment in life and liberty."[55] Plaintiff alleges that Defendant violated his Fourteenth Amendment rights to substantive and procedural due process under the United States Constitution. The proper vehicle to assert a Fourteenth Amendment claim is under 42 U.S.C. § 1983.[56] In pertinent part, 42 U.S.C. § 1983 states that any person, acting under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution" shall be liable to such citizen. Therefore, construing the complaint broadly, it appears that Plaintiff is alleging that Defendant, an employee of the Louisiana State University Health System, violated his Fourteenth Amendment rights and he is entitled to relief under § 1983.

Addressing Defendant's argument that Plaintiff's § 1983 claim is prescribed under Louisiana law, the Court first must determine the proper statute of limitations to apply to the claim. Under Fifth Circuit precedent, "[s]ection 1983 does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'"[57] The Louisiana statute that provides the prescriptive period for personal injury actions is Louisiana Civil Code article 3492.[58] Pursuant

---

[55] Rec. Doc. 1 at 1.

[56] *Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n. 3 (5th Cir. 1994) (citing *Hearth, Inc. v. Texas Department of Public Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980) for the proposition that the proper vehicle for federal constitutional claims for damages is a § 1983 action).

[57] *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Piotrowski v. City of Hous*., 237 F.3d 567, 576 (5th Cir. 2001)).

[58] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989) ("[A]rticle 3492 is Louisiana's only statute of limitations for personal injury actions.").

to article 3492, tort claims are subject to a one-year prescriptive period.[59]  This period "commences to run from the day injury or damage is sustained."[60]

Plaintiff's claims arise out of allegations that Defendant failed to diagnose and treat his chest pains during his May 21, 2013 visit to the Louisiana State University Health Sciences Center.[61]  Plaintiff filed the complaint on June 27, 2018.[62] Taking Plaintiff's allegation that his due process rights were violated on May 21, 2013 as true, this claim has prescribed because the instant case was filed over five years later. Alternatively, in both the complaint and the opposition to the instant motion, Plaintiff contends that though he visited Defendant on May 21, 2013, his pain was mild at that time, and he did not then understand the full extent of his condition or the manner in which his due process rights had been violated.[63] Plaintiff alleges that it was not until January 1, 2015, that he discovered the severity of his chest pains.[64] Plaintiff asserts that only then did he realize that Defendant had violated his rights.[65] Assuming that the prescriptive period began to run on January 1, 2015, when Plaintiff allegedly discovered the injury, Plaintiff's claims have prescribed because he filed the instant case over three years later.

The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no

---

[59] La. Civ. Code Ann. art. 3492.

[60] *Id.*

[61] Rec. Doc. 1.

[62] *Id.*

[63] Rec. Doc. 1 at 1–2.

[64] *Id.*

[65] *Id.*

9

set of facts in support of his claim which would entitle him to relief."[66] Here, Plaintiff alleges that his damages arose out of Defendant's failure to diagnose and adequately treat his chest pains. In the complaint, Plaintiff alleges that he visited Defendant on May 21, 2013 and was sent away without treatment. Plaintiff further alleges that he discovered the injury on January 1, 2015. Plaintiff's complaint was filed on June 27, 2018. Because it appears beyond dispute that Plaintiff's claim has prescribed and there are no facts Plaintiff could prove in support of his claim that would entitle him to relief, the Court will grant Defendant's motion to dismiss.[67]

## V. Conclusion

For the reasons discussed above, the Court finds that Plaintiff's claim is prescribed under 42 U.S.C. § 1983 and Louisiana law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss for Prescription, Res Judicata, and Failure to State a Claim Upon Which Relief Can Be Granted"[68] is **GRANTED** and all claims are **DISMISSED WITH PREJUDICE.**

NEW ORLEANS, LOUISIANA, this __11th__ day of January, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[67] Defendant also asserts that Plaintiff's claims should be dismissed based on res judicata and failure to state a claim upon which relief can be granted. Because the Court finds that Plaintiff's claims are prescribed and should thus be dismissed, it will not reach Defendant's other arguments.

[68] Rec. Doc. 11.